IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASOCIACION DE NAVIEROS DE PUERTO RICO, INC.,<br>　　　Plaintiff,<br><br>vs.<br><br>SAN JUAN BAY PILOTS CORP.,<br>　　　Defendant. | CIVIL NO. 26 cv 1360 (ADC) |

**MOTION TO HOLD IN ABEYANCE THIRD PARTY'S RESPONSE TO THE COMPLAINT PENDING RULING ON MOTION TO REMAND**

TO THE HONORABLE COURT:

The Third-Party Defendant, NFEnergia LLC ("NFE"), specifically reserving and without waiving any defense as to personal or subject matter jurisdiction, very respectfully requests and prays that all matters exclusively related to the Third-Party Defendant be held in abeyance or stayed until the jurisdiction of this Court to adjudicate this action is fully determined as is more fully set out below:

**I.**

**BACKGROUND**

1. The present matter was commenced by the Asociación de Navieros de PR, Inc. on April 30, 2026., as a Declaratory Judgment action under Rule 59 of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. tit, 32, App. V, Rule 59. The named defendant is the San Juan Bay Pilots Corporation. The central issue is the validity under Puerto Rico administrative law of a "Safety Guidelines" issued by the Defendant.

2. On June 8, 2026, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441. Federal jurisdiction is alleged to exist essentially because the controversy supposedly requires

examination of certain action taken by the U.S. Coast Guard.

3.      The Plaintiff has submitted before this Court an extensive Motion to Remand the proceedings to the Puerto Rico Superior Court. ECF Dkt. No. 8. The Defendant has opposed the request to Remand ECF Dkt. 10. The Plaintiff sought leave to submit a reply to the opposition to remand and tendered the reply memorandum on June 29th, 2026. ECF Dkt. No. 11-1. Accordingly, the threshold matters on jurisdiction are currently pending  adjudication from the Honorable Court..

4.      On July 8, 2026, the Defendant filed an Answer to the Complaint which included a Third-Party Complaint against the appearing party under Rule 14, Fed. R. Civ. P.

5.      The fundamental question of federal jurisdiction remains *sub judice*. The term for the appearing party to enter an appearance is set to expire on or about August 10, 2026.

**II.**

**PRINCIPLES OF JUDICIAL ECONOMY DICTATE THAT
THE ISSUE OF JURISDCITON BE RESOLVED
BEFORE PROCEEDING WITH EXTENSIVE LITIGATION**

6.      The pending Motion to Remand presents forceful arguments that this matter, involving only a challenge to the adoption of certain "Guidelines" outside the process of the Puerto Rico Administrative Procedures Act, P.R. Laws Ann. tit. 3, §§ 9601-9713, is strictly an issue of Puerto Rico law.[1] The consideration of Coast Guard letters and interaction is clearly peripheral to the central issue of the validity of the challenged "Guidelines".

Federal courts have inherent powers to stay proceedings for prudent reasons. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and

---

[1] The Puerto Rico Court case law debated between the parties would seem to present a carbon copy of the issues and considerations present in this case. *See Joint Concession Management, LLC v. Puerto Rico Pilotage Commission*, 2023 WL 6618441 (Sept. 29, 2023) (P.R. Court of Appeals).

effort for itself, for counsel and for litigants.") The efficacious management of a court docket's, when reasonably required, is sufficient to compel such action. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992). Indeed, courts follow this course routinely in situations of third-party complaints. *E.g., Sheehan v Broadband Access Service, Inc.* 889 F. Supp. 2d 284, 287 (D.R.I. 2012); *see also Morales Feliciano v. Rullan*, 303 F.3d 1, 6 (1st Cir. 2002) (jurisdictional priority doctrine warrants a stay of proceedings against a third-party is preferred and often compelled when there is a "colorable challenge to subject matter jurisdiction"). An example of this is the course taken by the District Court of Rhode Island which stayed matters before entering into substantive and procedural matters until it was satisfied that the case had been properly removed. *Naval Stores Supplies, Inc. v. LGS Consulting LLC*, 2010 WL 4608749, at *2 (D.R.I. 2010).

Further, a motion to remand is the "functional equivalent" of a "motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014); see *Defiore v. Soc. LLC*, 85 F.4th 546, 552 (9th Cir. 2023) (explaining that a "remand motion challenging removal jurisdiction is evaluated the same as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction"). "[B]ecause [a] Motion to Remand questions whether th[e] Court has subject matter jurisdiction … that motion ha[s] to be heard first." *Naval Stores Suppliers, Inc. v. LGS Consulting, LLC*, 2010 WL 4608749, at *2, citing *Audio Visual Mart, Inc. v. Telesensory Corp.*, 1996 WL 495151, at *1 (E.D. La. Aug. 29, 1996) ("Since the Court's subject matter jurisdiction has been questioned, the Court must consider the motion to remand first."). As such, Third Party Defendant respectfully posits that the most efficient course to take in this matter is to resolve the threshold issue of this Honorable Court's jurisdiction. There is no progress to be achieved by proceeding to additional extensive motion practice and other exigencies of litigation while there is no decision on whether there is subject matter jurisdiction.

3

**WHEREFORE**, for all the above stated reasons the appearing party respectfully prays that this Court grant a stay of the Third-Party proceedings pending a full adjudication of the Motion to Remand.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 10th day of August 2026.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

_s/J. Ramón Rivera-Morales_
J. Ramón Rivera-Morales
USDC-PR 200701
Midtown Building 4th Floor
420 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)510-8090
rrivera@jgl.com